IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3222-D

MYRON RODERICK NUNN, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
NORA D. HUNT, et al., )
)
        Defendants. )

On November 4, 2011, Myron Roderick Nunn ("Nunn" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 [D.E. 1]. Nunn proceeds pro se and in forma pauperis [D.E. 2]. On November 15, 2011, the court reviewed plaintiff's in forma pauperis application pursuant to 28 U.S.C. § 1915(b), directed him to pay an initial filing fee of $13.00, and to thereafter make "monthly payments of 20 percent of the preceding month's income credited to the plaintiff's trust fund account, until the . . . filing fee is paid in full" [D.E. 5]. On December 7, 2011, the court received the initial filing fee, and has not received any further payments in this case. On September 6, 2012, the court granted Nunn's motions to amend his complaint and denied several other motions, reviewed the action pursuant to 28 U.S.C. § 1915A, dismissed several claims, and directed Nunn to amend his sole remaining claim that he was deprived of his boots at Tabor Correctional Institution to name specific Tabor officers or employees who were responsible for the claim [D.E. 12].

On September 17, 2012, Nunn filed a motion for reconsideration and voluntary dismissal [D.E. 13]. In his motion, Nunn

> voluntarily withdraws all actions filed under No. 5:11-CT-3222-D except the following events:
> 1. Actions described at Columbus C.I.,

    2. Actions described at Harnett C.I., and
    3. Challenge to the collection of the filing fees.

Mot. 1.

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action voluntarily before the opposing party files an answer or summary judgment motion or by stipulation of the parties. Fed. R. Civ. P. 41(a)(1)(A). Otherwise, the dismissal may be effected "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is to allow voluntary dismissals unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008) (per curiam) (unpublished) (quotation omitted); Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). Relevant factors to consider under Rule 41(a)(2) include "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." Howard, 302 F. App'x at 179 (citations and quotations omitted). Thus, to the extent Nunn seeks to dismiss his sole remaining claim – that he was deprived of his boots at Tabor Correctional Institution – the court grants the motion for voluntary dismissal.

As for Nunn's desire to proceed with his claims arising at Harnett and Columbus, the court dismissed these claims as frivolous. Federal Rule of Civil Procedure 54(b), which governs Nunn's motion for reconsideration, provides:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to

2

final judgment when such is warranted." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court . . . ." Id. In dismissing these claims, the court thoroughly considered the same factual allegations Nunn reprises in his motion. Thus, Nunn has not presented any argument warranting reconsideration. Accordingly, the court denies his motion for reconsideration.

To the extent Nunn challenges the court's collection of filing fees in his cases,[1] the Prisoner Litigation Reform Act ("PLRA") provides that "prisoner[s] *shall* be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b) (emphasis added); see Torres v. O'Quinn, 612 F.3d 237, 241 (4th Cir. 2010). Nunn has already made a challenge to the collection of filing fees, and the court has rejected it. [D.E. 12] 11; see [D.E. 13-1] 6–10 (order in Nunn v. Keller, No. 1:10CV723 (M.D.N.C. Apr. 12, 2012) (unpublished)). Moreover, Nunn has not made any further payments in this case. Accordingly, the court denies plaintiff's motion for refund of the filing fee.

In sum, the court GRANTS IN PART plaintiff's motion [D.E. 13], solely to the extent it seeks voluntary dismissal of his sole remaining claim. The court DENIES plaintiff's motion in all other respects. This action is DISMISSED. The clerk shall close the case.

---

[1] Nunn has filed six civil actions and one habeas petition in this district, and another civil action in the Middle District of North Carolina. See Admin. Office of the U.S. Courts, PACER Case Locator, www.pacer.gov (last visited Feb. 11, 2013).

3

SO ORDERED. This 12 day of February 2013.

                                                              JAMES C. DEVER III
                                                            Chief United States District Judge